IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 3, 2001 Session

## TOMMY BURGESS, ET AL. v. BILL FULLER, D/B/A BILL FULLER LANDSCAPING

**Appeal from the Circuit Court for Maury County**
**No. 8759     Robert L. Holloway, Judge**

---

**No. M2000-02094-COA-R3-CV - Filed May 9, 2001**

---

In this dispute over a landscaping contract, the Circuit Court of Maury County held that the contractor breached the agreement. The defendant contends that the court rewrote the agreement. We disagree and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and J. S. DANIEL, SP. J., joined.

Thomas H. Peebles, IV, Columbia, Tennessee, for the appellant, Bill Fuller, d/b/a Bill Fuller Landscaping.

J. Russell Parkes, Columbia, Tennessee, for the appellees, Tommy Burgess, and wife, Bonnie Burgess.

**OPINION**

**I.**

In early 1997 Tommy and Bonnie Burgess poured a four-inch concrete driveway at their home in Maury County. The driveway ran in an east-west direction and the yard drained from north to south. Since the driveway was poured on top of the ground, it created a dam that caused water to collect on the upper side.

Approximately two months later, Mr. Burgess contacted Bill Fuller Landscaping to get a bid on filling and seeding the areas along the driveway, in addition to providing fill dirt around some trees and in other areas. Mr. Fuller came to the site and Mr. Burgess described the problem with water pooling on the upper side of the driveway. He also showed Mr. Fuller the areas he wished to

have filled and seeded. Mr. Fuller wrote out a brief description of the work he would perform and a price. The only part of the writing involved in this controversy is: TOPSOIL TO GRADE/NEW DRIVEWAY . . . SEED W/ K31 FESCUE, STRAW. Mr. Fuller did the work over the next two days. Mr. Burgess paid the contract price, but he says he did so only after Mr. Fuller assured him that he would take care of any problems after the dirt settled.

After the first rains the dirt settled in some places along the length of the driveway. At certain places the whole four-inch face of the concrete was exposed. Consequently, the drainage problem returned. Mr. Burgess contacted Mr. Fuller many times over the next few months and into the following year. Mr. Burgess says Mr. Fuller made many promises to return and correct the problem. Mr. Fuller denies that he made such promises, but he did dump three or four additional loads of dirt along the driveway without making any effort to spread it. Mr. Burgess finally hired someone else to complete the job at a cost of $1200.

The trial court held that the job description written out by Mr. Fuller was the agreement between the parties and that the term "topsoil to grade" was ambiguous. The court construed that term against Mr. Fuller, the drafter, and entered judgment against him for $1200. Implicit in the court's judgment is a construction of the contract requiring Mr. Fuller to furnish topsoil to grade after the topsoil settled.

## II.

Mr. Fuller argues on appeal that the agreement was not ambiguous and that he performed it according to its letter. Our problem with that argument stems from the fact that at the trial both sides treated the contract as if it were ambiguous and, without objection, freely offered parol evidence to explain the meaning of the disputed term. With all that free testimony the trial judge would have been hard put to interpret the agreement by concentrating solely on what was within its four corners.

We think, however, that had an objection been made, the trial judge would have been justified in admitting and considering the testimony of the parties concerning the facts and circumstances surrounding the execution of the agreement. *Commerce Street Co. v. Goodyear Tire & Rubber Co.*, 215 S.W.2d 4 (Tenn. 1948). All rules of construction are only aids in establishing the intention of the parties. *Id.* The motives which induced the contract have a definite bearing upon that intent. *Perkins Oil Co. v. Eberhart*, 64 S.W. 760 (Tenn. 1901). The primary goal of the court is to ascertain just what was within the contemplation of the parties. *Fidelity-Phenix Fire Ins. Co. of New York v. Jackson*, 181 S.W.2d 625 (Tenn. 1944). Proof of how the parties acted in performing the contract is also a good indication of how they interpreted it. *Frizzell Construction Co., Inc. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79 (Tenn. 1999).

The proof showed that Mr. Burgess was interested in eliminating the pooling of water on the north side of the driveway, as well as in making the area attractive. That fact was communicated to Mr. Fuller, and he wrote out the description of "topsoil to grade." One of the major objects of the contract would have been defeated if the dirt settled and the driveway again formed a dam causing

the water to pool on the upper side. Mr. Burgess and Mr. Fuller walked the length of the driveway and Mr. Fuller knew the scope of the problem. After the dirt settled he sent out three or four extra loads of dirt. We think the trial court could infer from that fact that Mr. Fuller understood he was obligated to bring the topsoil back to grade after the initial settlement.

The judgment of the trial court is affirmed and the cause remanded to the Circuit Court of Maury County for any further proceedings necessary. Tax the costs on appeal to the appellant, Bill Fuller.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.